IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
JACKSONVILLE, FLORIDA

FILED
2022 JUN 27 PM 12:53
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE, FLORIDA

Provided to Walton CI
On 6/1/22 for Mailing
       Date
By (officer initials) SN SLJ

SAMUEL JOHNSON,
  Petitioner,

v.

Case No. 3:22-CV-716-TJC-JBT
L.T. Case No. 16CF009790

RICKY D. DIXON, Secretary
Florida Department of Corrections.
  Respondent
_____/

MOTION FOR COMPASSIONATE RELEASE

The Petitioner, Samuel Johnson, a state inmate proceeding pro se, pursuant to §18 U.S.C. 3582 moves this Court for Compassionate Release. As grounds for this Motion Mr. Johnson states the following:

INTRODUCTION

Mr. Johnson is a 64-year-old inmate incarcerated at Walton C.I. He is approaching the end of a 120-month prison sentence for aggravated battery with a deadly weapon. He is scheduled to be released from prison fewer than 56 months from now, on November 6, 2026. See Attached Inmate Notice. Mr. Johnson

1.

seeks early release under the Compassionate release statute[1]. because of the Covid-19 pandemic and the various health problems he suffers from. Among Mr. Johnson's underlying conditions are Type 2 diabetes, neuropath sever, severed sciatica, high blood pressure, glaucoma and arthritis. Mr. Johnson has extraordinary and compelling reasons for compassionate release. Therefore, this Motion should be granted.

## COMPASSIONATE RELEASE

As amended by the First Step Act, Section 3582 (c)(1)(A) the Court, upon motion of the defendant... after the lapse of 30 days from the receipt of such a request by the Warden of the defendants facility... may reduce the term of imprisonment <u>and may impose a term of probation or supervised release with or without conditions that do not exceed the unserved portion of the original term of imprisonment</u>, after considering the factors set forth in section 3553(a) to the

---

1. 18 U.S.C. 3582

2.

extent that they are applicable, if it finds that —

    i) extraordinary and compelling reasons warrant such a reduction... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)

    2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g), and

    3) The reduction is consistent with this policy statement.

The guidelines commentary provides that extraordinary and compelling reasons for compassionate release may exist based on the defendant's medical condition, age, family circumstances, or other reasons. U.S.S.G. 1B1-13, Cmt. 1. As relevant here, these circumstances include:

    (A) Medical Condition of the Defendant
(ii) The defendant is —
(1) Suffering from a serious physical or medical condition...

### EXHAUSTION REQUIREMENT

Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days of submitting a request to the Warden, no matter the appeals available to

3.

them. United States v. Smith, 482 F. Supp. 3d 1218, 1222-24 (M.D. Fla. 2021)

## MR. JOHNSON SATISFIED THE EXHAUSTION REQUIREMENT

On April 25, 2022, Mr. Johnson submitted a request for compassionate release to the Warden of his facility. See: Attached Request[2]

## EXTRAORDINARY & COMPELLING REASONS

Mr. Johnson has Type 2 diabetes. This Court has recognized that Type 2 diabetes is a serious medical condition that qualifies as an extraordinary and compelling reason for compassionate release. United States v. Hagan, 2021 U.S. Dist LEXIS 70141 (M.D. Fla. 2021) this Court states in pertinent part:

> "Type 2 diabetes is a serious medical condition because the condition is a confirmed risk factor for serious illness from Covid-19. Having Type 2 diabetes can increase a person's risk of serious illness if he... contracts coronavirus. Serious illness is defined as a Covid-19 infection that leads to hospitalization, intensive care, ventilation, or death.

It should be noted that Mr. Johnson has had Covid-19 twice. The second time he was rushed to the hospital, to which he spent

---

2. On May 2, 2022, the warden denied his request.

4.

17 days. The doctors had to resuscitate him when he got there. This Court need not wait for the virus to afflict him a third time before acting.

### MR. JOHNSON IS NOT A DANGER TO THE COMMUNITY

Mr. Johnson is not a danger to the community. He is highly unlikely to pose a danger to another person or the community if granted compassionate release. He fully accepted responsibility for his actions and demonstrates that he understands why his conduct was harmful and unacceptable. He is committed to bettering himself. He has a very supportive family and a suitable release plan, both of which will help to ensure that he complies with the terms of supervised release. (See Attached Letters in Support.) The Court has no reason to believe that Mr. Johnson would not be compliant with the conditions of post release supervision. He knows that if he violates the conditions of supervised release he will be subject to reimprisonment.

5

Mr. Johnson has served a significant portion of his 120-month sentence. He has been in prison for 6 years. Granting compassionate release will not significantly diminish the length of Mr. Johnson's sentence, nor minimize the severity of the offense.

Additionally, Mr. Johnson has used his time in prison to further his education. He has completed courses in:

- Communication Anger
- Meditations of God's Love
- Kairos 31
- Purpose Driven Life
- Suffering And Sovereignty of God
- Growing In The Word
- Smoking Cessation
- From The Inside Out Dad
- Victim Impact
- 28 Pitfalls of a Man
- Inspirational Views
- Path To A Better Life    (See Certificates Attached)

Mr. Johnson has come to lean on his faith and developed new hobbies to stay out of trouble.

## CONCLUSION

Mr. Johnson presents this Court with a unique set of circumstances pertaining to his health, the Covid-19 pand-

6.

emic and the 3553 (a) factors which this Court should find to support compassionate release.

WHEREFORE Mr. Johnson prays this Court grant his Motion For Compassionate Release.

### CERTIFICATE OF SERVICE

I certify this Motion was placed in the hands of prison officials at Walton C.I. for mailing U.S. mail to the U.S. District Court Middle District, 300 N. Hogan Street. Jacksonville, Fl. 32201

/s/ *Samuel L. Johnson*
SAMUEL JOHNSON
DC# 128434
Walton C.I.
691 Institution Road
DeFuniak Springs, Fl. 32433

7.